UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTOPHER CASCIO | CIVIL ACTION |
| Versus | NO: 11-1699 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: "F" |

ORDER & REASONS

Before the Court is the plaintiff's motion for relief from judgment under Fed. R. Civ. P. 59(e), or in the alternative, for relief from the judgment under Rule 60. For the reasons that follow, the motion is denied.

**Background**

Plaintiff owns rental property located in St. Bernard Parish, Louisiana. He asserts that his property sustained severe wind damage as a result of Hurricane Katrina, which made landfall on August 29, 2005. At the time of Hurricane Katrina, plaintiff's property was insured by a State Farm Rental Dwelling Policy.

Plaintiff filed suit on September 13, 2010 as part of a mass joinder action assigned to Judge Duval under the In Re Canal Breaches Consolidated Litigation. Following the Louisiana Supreme Court's ruling in Taranto, et al. v. Louisiana Citizens Property Ins. Corp., 62 So.3d 721 (La. 2011), the mass joinder action was severed, and plaintiff filed a supplemental and amending complaint on July 15, 2011 with this Court.

1

On November 14, 2011, this Court granted State Farm's motion for judgment on the pleadings. The Court reasoned that plaintiff had failed to plead sufficient facts to show that he was a putative class member of various class action lawsuits that according to plaintiff suspended the prescription period for his Katrina insurance claims. Plaintiff now asks the Court to amend its judgment in favor of State Farm under Federal Rule of Civil Procedure 59(e), or to grant it relief from the judgment under Rule 60.

## I. Rule 59(e) and Rule 60 Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e).[1] Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc). Because summary judgment was entered in favor of the defendants on February 3, 2011, and the plaintiffs filed their motion to alter or amend that judgment on February 14, 2011, Rule 59(e) applies to the plaintiffs' motion.

---

[1] Rule 59 had formerly adopted 10-day periods for post-judgment motions; however, the rule was amended in 2009 to expand the 10-day period to 28 days.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)).  Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79.  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for

reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Fed. R. Civ. P. 60(b) (setting forth six grounds on which relief from a final judgment can be sought, including mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or any other reason that justifies relief).[2] While the decision to grant or withhold relief under Rule 60(b) lies within the sound discretion of the trial court, Helsing v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005), "the desirability of orderliness and predictability in the judicial process speaks for caution in reopening judgments."

---

[2]Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

4

Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977). Relief under Rule 60(b) should be granted only in "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988).

## II. Discussion

The Court finds that, contrary to State Farm's argument, plaintiff's motion to amend under Federal Rule of Civil Procedure 59(e) is timely. The Rule provides for 28 days in which the plaintiff must file his motion. The Court's judgment in this case was entered on November 14, 2011, and plaintiff filed his opposition on December 12, 2011, within the 28 day period allowed by the statute.

Nonetheless, the plaintiff fails to show that the Court's previous judgment should be amended, or that the plaintiff is entitled to relief from the judgment.

First, the plaintiff has once again failed to refute State Farm's argument that he was not a member of the Abadie class because he did not have a homeowner's policy. State Farm raised this argument in its motion for judgment on the pleadings, as well as in its opposition to this motion.

Second, plaintiff has failed to demonstrate that the claims encompassed by the Master Complaint of the In Re: Katrina Canal Breaches Consolidated Litigation cover the types of wind damage claims that he asserts here. Plaintiff does nothing to refute

State Farm's assertion that the claims common to parties in that case involved flooding that was caused by heavy winds, instead of direct wind damage to structures.

Finally, plaintiff still falls short of showing membership in the Louisiana State et al. v. AAA Ins. et al. class, because he has not shown that he was eligible for Road Home funding. Plaintiff's assertion that future recipients of such funds were included does nothing to demonstrate that he would have, or could have been one of those recipients.

Accordingly, IT IS ORDERED: the plaintiff's motion is DENIED.[3]

New Orleans, Louisiana, January 11, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] A similar, if not identical, series of such requests has been filed by the same counsel in all these cases. Counsel is encouraged to become familiar with and be faithful to the provisions of 28 U.S.C. Section 1927 in the future.